IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMA CECIBEL VILLEDA CARDOZA,

                            Petitioner,

    v.

PAMELA JO BONDI, Attorney General of
the United States; KRISTI NOEM, Secretary of the        OPINION and ORDER
U.S. Department of Homeland Security; TODD
LYONS, Acting Director of Immigration and               26-cv-35-jdp
Customs Enforcement; DAVID EASTERWOOD, Acting
Director, St. Paul Field Office, Immigration and
Customs Enforcement; MATT IZZARD, Sheriff of
Douglas County, Wisconsin,

                            Respondents.

---

Norma Cecibel Villeda Cardoza was detained by agents of Department of Homeland Security's U.S. Immigration and Customs Enforcement, and she is being held at the Douglas County jail in Superior, Wisconsin. She is a citizen of El Salvador, but she has resided in the United States since 2021. Her petition for asylum has been pending before the Board of Immigration Appeals since 2022. She seeks relief under 28 U.S.C. § 2241, contending that respondents are violating 8 U.S.C. § 1226(a) and the Due Process Clause by detaining her without providing a bond hearing.

This court previously considered the statutory question, holding that individuals who are "arrested while residing in the United States without legal status" are entitled to a bond hearing under § 1226(a). *See Paredes Padilla v. Galovich*, No. 25-cv-863-jdp, 2025 WL 3251446, at *3 (W.D. Wis. Nov. 21, 2025). In their response to the order to show cause, the federal respondents concede that this case is not factually distinguishable from *Paredes Padilla*. Dkt. 6, at 2 n.2. And they do not directly engage with the reasoning of that case or ask the court to

reconsider its decision. So the court concludes that Cardoza is entitled to a bond hearing under § 1226(a). This makes it unnecessary to decide Cardoza's rights under the Due Process Clause. The court will grant the petition for a writ of habeas corpus and direct the federal respondents to either release Cardoza or provide her with a bond hearing.

In her reply brief, Cardoza contends for the first time that she is entitled to release regardless of whether respondents provide her with a hearing because she was detained without a warrant. But this issue goes beyond the scope of her petition, which says nothing about a warrantless detention. So the court will not consider that issue.

One final matter. Cardoza names the Douglas County sheriff as one of the respondents. But the federal respondents seem to acknowledge that they are the ones who have authority over Cardoza's custody and whether she receives a hearing. So the court will dismiss the sheriff from the case.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Norma Cecibel Villeda Cardoza, Dkt. 1, is GRANTED.

2. Respondent Matt Izzard is DISMISSED.

3. Within seven days, the federal government respondents shall either release Cardoza or provide her with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

4. The clerk of court is directed to enter judgment for petitioner and close this case.

Entered February 3, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge